# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia**
**Plaintiff Below, Respondent**

**vs)  No. 14-0546** (Hampshire County 13-F-42)

**Harry F. Wright, Jr.,**
**Defendant Below, Petitioner**

**FILED**

June 22, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Harry F. Wright, Jr., by counsel Lawrence E. Sherman, Jr., appeals the April 15, 2014, order of the Circuit Court of Hampshire County sentencing petitioner to not less than five nor more than twenty-five years in prison following his conviction on eight counts of sexual abuse in the first degree. Respondent, by counsel Daniel M. James, responds in support of the circuit court's order. Petitioner alleges that his sentence was excessive, his guilty plea was not intelligently made, and that he did not engage in "sexual contact" with the victim.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted by the Hampshire County Grand Jury on May 13, 2013 on three counts of sexual assault in the first degree in violation of West Virginia Code § 61-8B-3(a)(2); eight counts of sexual abuse in the first degree in violation of West Virginia Code § 61-8B-7(3)(c); and three counts of sexual abuse by a person in a position of trust to a child in violation of West Virginia Code § 61-8D-5. On November 14, 2013, pursuant to a plea agreement, petitioner pled guilty to eight counts of sexual abuse in the first degree, and the remaining charges in the indictment were dismissed.

Petitioner's plea agreement was binding on the circuit court insofar as it limited the circuit court's ability to run petitioner's sentences consecutively on no more than five of the eight counts to which he plead guilty. Otherwise, sentencing was to be in the discretion of the circuit court. Under the plea agreement, petitioner was free to argue for probation under West Virginia Code § 62-12-2, or that his sentences should run concurrently.

1

The presentence report and diagnostic psychological evaluation of petitioner noted that he was a 68 year old male with a fourth grade education, and had a prior criminal record.[1] Further, both evaluations noted that the victim was eleven years of age at the time of the offenses to which petitioner pled, and was a member of petitioner's extended family.

At the April 11, 2014, sentencing hearing, the circuit court heard from the minor victim, as well as family members who testified on behalf of both respondent and petitioner.[2] The circuit court denied petitioner's requests for alternative sentencing and probation. As to each of the eight counts to which petitioner pled guilty, he was sentenced to not less than five nor more than twenty-five years. The court ordered that the sentences for four of these counts were to run consecutively, with the remaining four counts to run concurrently.[3] It is from the circuit court's April 15, 2014, sentencing order that petitioner now appeals.

On appeal, petitioner raises three assignments of error. First, petitioner contends that he did not violate West Virginia Code § 61-8B-7, by committing acts of sexual abuse in the first degree because he did not engage in "sexual contact" with the victim. Second, petitioner contends that his guilty plea was not knowingly, voluntarily, or intelligently made. Third, petitioner alleges that he received an excessive sentence contrary to the interests of justice.

We consider petitioner's assignments of error, beginning with the second. In his second assignment of error, petitioner contends that he did not knowingly, intelligently, and voluntarily enter into a guilty plea. We have recognized that "[a] guilty plea based on competent advice of counsel represents a serious admission of factual guilt, and where an adequate record is made to show it was voluntarily and intelligently entered, it will not be set aside." Syl. Pt. 3, *State ex rel. Burton v. Whyte*, 163 W.Va. 276, 256 S.E.2d 424 (1979). Long ago, in syllabus point three of *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), we outlined the procedures to be

---

[1]Petitioner's prior criminal history, originating in the State of South Carolina, consisted of charges for driving on a suspended license (on June 14, 1999 and April 13, 2003); a January 21, 2000, charge for breach of peace; and a March 7, 2013, charge for assault/battery. Petitioner advised the circuit court that he also had a conviction for driving while intoxicated in the State of Virginia in 1976, although that charge did not appear on petitioner's criminal arrest record.

[2]At this hearing, the circuit court acknowledged receipt of the presentence report, diagnostic psychological evaluation of petitioner, and the reports of Drs. Phillip Pate and Joseph A. Jurand, MD, a Board Certified psychiatrist. Dr. Pate completed a sexual offender evaluation of petitioner and concluded that petitioner should be released into the community, as he possessed a low to moderate risk for sexual violence, relative to other sex offenders incarcerated in the correctional system. Dr. Jurand opined that petitioner's "probability of recidivism is likely low and will be further clarified in the psychological testing," and concluded that petitioner may be a "good candidate for probation."

[3]Counts IV, V, VI, and VII of the indictment against petitioner were to run consecutively. Counts VIII, IX, X, and XI were to run concurrently with each other and concurrently to Count IV.

followed by trial courts for the purpose of insuring that guilty pleas are entered voluntarily and intelligently, as follows:

> When a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

In this case, the record reflects that while the circuit judge did not methodically follow the litany of factors set forth in *Call*, the circuit court took the necessary steps to ensure that petitioner's guilty plea was freely, knowingly, and voluntarily made, and that petitioner was fully advised of all the rights he was giving up by pleading guilty. The record reflects that petitioner unequivocally advised the circuit court that he understood his rights; that he wished to plead guilty to the crimes charged; and that no one had unduly influenced him to plead guilty. The circuit court was cognizant of the petitioner's limited educational background, and took great care in ensuring that petitioner understood the charges against him, the plea agreement, and his rights. Accordingly, we find that petitioner's guilty plea was knowingly, freely, intelligently, and voluntarily made.

In his first assignment of error, petitioner argues that the circuit court erred in permitting petitioner to enter a guilty plea for a violation of West Virginia Code § 61-8B-7, because petitioner did not intentionally make sexual contact with the victim for the purpose of sexual gratification, as this statute requires. West Virginia Code § 61-8B-7(a)(3) states that a person is guilty of sexual abuse in the first degree when such "person, being fourteen years old or more, subjects another person to sexual contact who is younger than twelve years old." West Virginia Code § 61-8B-1(6) defines sexual contact as

> any intentional touching, either directly or through clothing, of the breasts, buttocks, anus or any part of the sex organs of another person, or intentional touching of any part of another person's body by the actor's sex organs, where the victim is not married to the actor and the touching is done for the purpose of gratifying the sexual desire of either party.

In this case, petitioner was over the age of fourteen and, at the time of the offenses, the victim was under the age of twelve. Petitioner does not dispute that he touched the victim's sex organ, or that the victim touched his sex organ; petitioner argues that the touching was not for the purposes of his sexual gratification, but was simply an exercise to teach the victim "what was

3

going to happen and, you know, how it would be when she got older." Petitioner contends that because he was not sexually gratified, there was no sexual "contact," which is an essential element to the charge of first degree sexual abuse.

Respondent argues that petitioner pled guilty to the charges of sexual assault in the first degree, and freely, voluntarily, and knowingly admitted committing the crimes at issue. The factual basis for petitioner's conviction of these crimes was amply present. However, even if such factual basis was lacking, respondent contends that the circuit court was not charged to make a "formal adjudication of guilt beyond a reasonable doubt on the charge to which the defendant is willing to plead." Rather, the circuit court was charged to ascertain the voluntary and intelligent nature of petitioner's plea, and further charged to ensure that petitioner understood the consequences and the constitutional rights waived by entering a plea, which the circuit court did. We agree.

As noted by Justice Cleckley in his concurring opinion in *State v. Greene*, 196 W.Va. 500, 505, 473 S.E.2d 921, 926 (1996), "[i]f any principle is well settled in this State, it is that, in the absence of special circumstances, a guilty plea waives all antecedent constitutional and statutory violations save those with jurisdictional consequences." *See State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978). In *State v. Spradlin*, No. 13-0997, 2014 WL 6607457, at *5 (W.Va. Nov. 21, 2014), *citing* Rule 11(f) of the West Virginia Rules of Criminal Procedure and *Myers v. Fraizer*, 173 W.Va. 658, 319 S.E.2d 782 (1984), we noted that a court's role in

> accepting or rejecting a guilty plea is not to make a formal adjudication of guilt beyond a reasonable doubt on the charge to which the defendant is willing to plead. Rather, the court's role, insofar as the defendant is concerned, is to ascertain that the plea is voluntarily and intelligently made and that the defendant understands its consequences and the constitutional rights he is waiving.

In this case, the circuit court fulfilled its role. At multiple times during the plea hearing, petitioner affirmed his understanding of the charges against him, and what respondent would have to prove in order to convict petitioner of sexual abuse in the first degree. Further petitioner's counsel advised the circuit court that he took extra precautions and extra time with petitioner to ensure that petitioner understood.[4] Accordingly, we find that petitioner received

---

[4]At the November 14, 2013, hearing, the circuit court judge had the following exchange with petitioner's counsel:

| The Court: | And do you feel that you have been able to adequately read [petitioner] all of the information that the State has and gone over this with him? |
|---|---|
| Mr. Sherman: | I do . . . . And certainly, it has taken extra time to do so, and I have had to give him the deference that he needs. And for instance, my last meeting with him . . . lasted two-and-a-half hours. Generally, it's about an hour explaining a plea agreement to somebody. |

(continued . . .)

4

adequate notice of the charges against him, and freely, voluntarily, knowingly, and intelligently pled guilty to the charge of sexual assault in the first degree. The circuit court did not err in accepting petitioner's guilty plea.

In his third assignment of error, petitioner asserts his sentence for his convictions of eight counts of first degree sexual assault was contrary to the interests of justice. Petitioner argues that because of his advanced age, the sentence imposed was tantamount to a life sentence.[5] Additionally, petitioner contends that it was disproportionately cruel and unusual to subject petitioner, who has a limited criminal history, to such a lengthy term of imprisonment. "The Supreme Court of Appeals reviews sentencing orders, . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). *Accord*, Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). ""Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

We first note that the sentences imposed by the circuit court were consistent with the sexual abuse statute. West Virginia Code § 61-8B-7(3)(c), provides for a sentence of imprisonment for not less than five nor more than twenty-five years. Additionally, "[w]hen a defendant has been convicted of two separate crimes, before sentenced is pronounced for either, the trial court may, in its discretion provide that the sentences run concurrently, and unless it does not provide, the sentences will run consecutively." Syl. Pt. 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979). Petitioner's sentences do not exceed the applicable statutory limits and are not based on any impermissible factor. *See* W.Va. Code § 61-8B-7. The Legislature has chosen to mandate lengthy sentences for individuals who sexually abuse children. This petitioner avoided an even lengthier sentence by availing himself of a plea agreement. We find that petitioner's sentences are not disproportionate to the multiple instances of his admitted victimization of an eleven year old child and were proper.

We further find no error in the circuit court's denial of petitioner's request for alternative sentencing. As we have previously noted, ""[p]robation is a matter of grace and not a matter of right." Syllabus Point 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972)." Syl. Pt. 2, *State v. Hosby*, 220 W.Va. 560, 648 S.E.2d 66 (2007). In this case, it is clear that petitioner was not

---

The Court:        You have taken extra precautions and extra time with him to make sure he does understand.

Mr. Sherman:      I have, [y]our [h]onor.

[5]In total, petitioner was sentenced to a term of not less than twenty (20) nor more than one hundred (100) years by virtue of the court running four (4) of the counts of sexual abuse in the first degree consecutively.

entitled to alternative sentencing. As such, the Court finds no error in the circuit court's denial of petitioner's request for alternative sentencing or the sentence imposed by the circuit court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 22, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II